FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 30 2017

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LINDA DIANNE MOORE**　　　　　　　　　　　　　　　　**PLAINTIFF**

vs.　　　　　　　No. 4:17-cv-426-JM

**ABOVE & BEYOND CARE, INC.,**
**and AARON WASHINGTON**　　　　　　　　　　　　　**DEFENDANTS**

This case assigned to District Judge Moody
and to Magistrate Judge Ray

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Linda Dianne Moore ("Plaintiff"), by and through her attorneys Stacy Gibson and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendant Above & Beyond Care, Inc., and Aaron Washington (collectively "Defendants"), she does hereby state and allege as follows:

**I.　　PRELIMINARY STATEMENTS**

1.　This is an action brought by Plaintiff against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.　Plaintiff seeks a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and costs, including a reasonable attorney's fee, within the applicable statutory limitations period as a result of Defendants' failure to pay proper overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendants conduct business within the State of Arkansas, providing waiver services for developmentally disabled individuals throughout the state.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

7. Plaintiff was employed by Defendants at their facility located in the Eastern District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff Linda Dianne Moore is a citizen of the United States and a resident of and domiciled in the State of Arkansas. She was employed by Defendants to work as a Case Manager.

10. While employed by Defendants as a Case Manager, Plaintiff was non-exempt from the requirements of the FLSA.

11. While employed by Defendants as a Case Manager, Plaintiff was non-exempt from the requirements of the AMWA.

12. Defendant Above & Beyond Care, Inc. ("Above & Beyond"), is a non-profit corporation, registered to do business in the State of Arkansas, providing waiver services for developmentally disabled individuals.

13. Defendant Above & Beyond maintain a central office at 23227 I-30 South, Bryant, Arkansas 72022.

14. Defendant Above & Beyond can be served through its registered agent, William Vernon Reed, 23227 I-30 South, Bryant, Arkansas 72022.

15. At all relevant times, Defendant Above & Beyond has had a minimum of four employees.

16. During each of the three years preceding the filing of this Complaint, Above & Beyond employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in interstate commerce or produced for interstate commerce.

17. Plaintiff was one such employee who engaged in handing, selling or otherwise working on goods or materials that had been moved in interstate commerce.

18. Defendant Above & Beyond was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, during the period relevant to this lawsuit.

19. Defendant Aaron Washington ("Washington") is a principal, director and/or officer of Above & Beyond.

20. Upon information and belief, Defendant Washington controls or has the right to control the operations of Defendant Above & Beyond and dictates the employment policies of Defendant Above & Beyond, including but not limited to the decision to pay Plaintiff a salary and no overtime compensation, such that he is liable to Plaintiff as an employer under the FLSA.

21. Defendant Washington established and/or maintained the policies at issue in this case.

22. Defendant Washington was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, during the period relevant to this lawsuit, and is and has been engaged in interstate commerce.

### IV. FACTUAL ALLEGATIONS

23. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

24. Plaintiff held a job title of Case Manager for Defendants within the three years preceding the filing of the Original Complaint and was paid a salary.

25. Upon commencement of work for Defendants, Plaintiff did not sign any contract of employment setting forth her hours or wages.

26. Plaintiff was paid less than $455.00 per week, but she was paid a salary.

27. Defendants failed and refused to reimburse Plaintiff for her miles driven in her own motor vehicle in performance of her job duties for Defendants.

28. In performing services for Defendants, Plaintiff was not required to utilize any professional education relevant to her job duties.

29. Plaintiff's primary duties as a Case Manager were monitoring of the provision of services included in the waiver participant's multi-agency plan of care, arranging for the provision of services and additional supports, and facilitating crisis intervention.

30. During the course of her employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

31. Plaintiff did not select any employees for hire nor did she provide any training for any employee. Plaintiff had no ability to hire and fire any employee.

32. Plaintiff did not customarily or regularly direct the work of two or more other full-time employees.

33. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

34. Plaintiff always or almost always worked in excess of forty (40) hours per week during her tenure with Defendants.

35. Defendants did not pay an extra premium to Plaintiff for work in excess of forty hours per week.

### V. LEGAL ALLEGATIONS AND CLAIMS FOR RELIEF

36. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A. Violation of the FLSA

37. Because Plaintiff was often required to work more than forty (40) hours per week for Defendants, Defendants violated the FLSA by failing to pay Plaintiff the overtime wages required under the FLSA.

38. Plaintiff did not qualify for any exemption from the overtime requirements of the FLSA throughout the period of time she worked for Defendants.

39. Plaintiff was not paid a sufficient salary to qualify for any exemption from the overtime requirements of the FLSA throughout the period of time she worked for Defendants.

40. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee as provided by the FLSA.

### B. Violation of the AMWA

41. Because Plaintiff was often required to work more than forty (40) hours per week for Defendants, Defendants violated the AMWA by failing to pay Plaintiff the overtime wages required under the AMWA.

42. Plaintiff did not qualify for any exemption from the overtime requirements of the AMWA throughout the period of time she worked for Defendants.

43. Defendants violated the AMWA by failing to pay Plaintiff the overtime wages required under the AMWA.

44. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee as provided by the AMWA.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Linda Dianne Moore respectfully prays that each Defendant be summoned to appear and to answer herein, and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the AMWA, and their relating regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, the AMWA, and their related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and their relating regulations;

D. Judgment for any and all civil penalties to which Plaintiff may be entitled;

E. An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorneys' fees, and all costs connected with this action; and

F. Such other relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**PLAINTIFF LINDA DIANNE MOORE**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: */s/ Stacy Gibson*
Stacy Gibson
Ark. Bar No. 2014171
stacy@sanfordlawfirm.com

and */s/*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com